NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CACHET FINANCIAL SERVICES, a
California corporation,

        Plaintiff - Appellant,

  v.

BERKLEY INSURANCE COMPANY, a
Delaware corporation; GREAT
AMERICAN INSURANCE COMPANY,
an Ohio corporation,

        Defendants - Appellees.

No. 25-2089

D.C. No.
2:22-cv-01157-SPG-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted June 22, 2026
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

    Plaintiff-Appellant Cachet Financial Services appeals the district court's grant

of Defendants-Appellees Berkley Insurance Company and Great American

Insurance Company's Motion to Dismiss in this commercial insurance coverage

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

dispute. The district court held that Cachet's claims failed because the relevant policy's Fraudulent Instructions Exclusion barred coverage under the policies issued by both insurers. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo an appeal from a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) (citation omitted). The "district court's interpretation of state contract law . . . and its interpretation of an insurance policy" are also reviewed de novo. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (citation omitted). We apply California state law to the parties' contract dispute. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

The first question we must address is whether the Fraudulent Instructions Exclusion, Exclusion D.4.d, is ambiguous because "if the policy language is clear and explicit, it governs."[1] *John's Grill, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 552

---

[1] We do not decide whether Cachet forfeited its arguments concerning ambiguity and the proper interpretation of the Exclusion because, even assuming forfeiture, we would exercise our discretion to reach the "pure question[s] of law" presented, *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010), where "the pertinent record has been fully developed," *Cascadia Wildlands*

P.3d 1045, 1053 (Cal. 2024) (citation modified). We conclude that it is not ambiguous. The Exclusion removes coverage under paragraph A.6 of the policy for:

> Fraudulent Instructions
>
> Loss resulting from an "employee" or "financial institution" acting upon any instruction to:
>
> (1) Transfer, pay or deliver "money", "securities" or "other property"; or
>
> (2) Debit or delete your account;
>
> which instruction proves to be fraudulent, except when covered under Insuring Agreement A.6.a.(2) or A.6.b.

Cachet stated a viable claim for coverage under only § A.6.a.(1). *See Cachet Fin. Servs. v. Berkley Ins. Co.*, No. 23-55217, 2024 WL 1042985, at *2–3 (9th Cir. Mar. 11, 2024) (holding that Cachet stated a claim under § A.6.a.(1) and affirming the dismissal of Cachet's claim under § A.6.a.(2)). While "Fraudulent instruction" is a defined term in the policy and this Exclusion is labeled Fraudulent Instructions, that label is not in quotation marks, which is how the policy indicates the use of defined terms. Nonetheless, Cachet argues that the phrase "which instruction proves to be fraudulent" should be read to have the same meaning as "fraudulent instruction" to incorporate the policy's defined term. This reading is inconsistent with the policy's overall structure and context. *See John's Grill*, 552 P.3d at 1053 ("A policy provision

---

*v. Scott Timber Co.*, 105 F.4th 1144, 1154 (9th Cir. 2024) (citation omitted), and "the parties have fully briefed and argued [these issues] on appeal," *Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022).

is ambiguous *only* if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the policy as a whole." (citation omitted)). By its express terms, the definition of "Fraudulent instruction" applies only to § A.6.a.(2) and § A.6.b, which are not at issue. Further, a reasonable insured would not assume that similar—*but different*—phrases have the same meaning when one of them is a defined term and when defined terms are incorporated only by use of a specific formatting practice that was not employed in the relevant provision.

Cachet further argues that we should hold the Exception unenforceable because it would render coverage illusory. Even assuming California recognizes an "illusory coverage doctrine," *see id.* at 1054 (noting that the California Supreme Court "has never recognized an illusory coverage doctrine as such"), Cachet would not qualify for its protection, *see id.* at 1057–59. Cachet could not have "reasonably expect[ed] coverage where the cause of the loss is expressly *excluded* under the policy." *Id.* at 1057 (citation modified). In any case, Cachet "has not shown that the prospect of" loss under § A.6.a.(1) that is not excluded by the Fraudulent Instructions Exclusion "is so unrealistic as to render the promised coverage illusory." *Id.* at 1059. And we decline to treat the possibility that there may only be narrow applications of coverage under § A.6.a.(1) as an "extraordinary circumstance" that justifies not applying the unambiguous policy language. *See id.* Indeed, Cachet "could assess for itself whether it, specifically, was likely to benefit from the coverage based on the

policy's terms," and "[t]he fact that [Cachet]'s particular business arrangements would make it unlikely to benefit from the policy's limited [] coverage would be something for [it] to consider when obtaining coverage." *Id.*

**AFFIRMED.**